377 S.E.2d 498

**DISTRICT 1199 WV/KY/OH NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFL–CIO; Michael McCall and Jeannie Blankenship**

v.

**WEST VIRGINIA DEPARTMENT OF HEALTH; West Virginia Civil Service Commission.**

No. 18775.

Supreme Court of Appeals of West Virginia.

Dec. 21, 1988.

Rehearing Denied Feb. 22, 1989.

Larry Harless, Charleston, for appellant.

BROTHERTON, Justice:

In this original proceeding in mandamus, the petitioners request that this Court require the West Virginia Department of Health to hold employee grievance hearings at the worksite rather than in Charleston, to provide use of the employer's copy machine free of charge, and to provide a copy of the certified transcript free of charge.

The petitioner, Michael McCall, is employed as a psychiatric aide at the Weston State Hospital, which is operated by the West Virginia Department of Health. Mr. McCall is a member of District 1199 West Virginia/Kentucky/Ohio National Union of Hospital and Health Care Employees, AFL–CIO (Union). The petitioner, Jeannie Blankenship, is a data processing employee at the Welch Emergency Hospital, which is also owned and operated by the West Virgi-

nia Department of Health. Ms. Blankenship is also a member of the Union.

On March 12, 1988, the Legislature enacted W.Va.Code § 29–6A–1 *et seq.* (1988), which became effective on July 1, 1988. The legislation created a procedure for the resolution of employment grievances brought by employees who are classified under the state civil service system or employed in any department, governmental agency, or by an independent board or commission created by the Legislature. Excepted from that provision were employees of the Board of Regents, state institutions of higher education, the Legislature, members of the Department of Public Safety, and employees of any constitutional officer unless otherwise covered by the civil service system. West Virginia Code § 29–6A–1 (1988).

The petitioners contend that since the enactment of W.Va.Code § 29–6A–1 *et seq.* (1988) on July 1, 1988, the Health Department has required that the level three grievance hearings be conducted in Charleston, Kanawha County, where the main administrative office of the Health Department is located, in contravention of W.Va.Code § 29–6A–6 (1988). It should be noted that the Health Department maintains facilities in counties all over the State. They also argue that they are entitled to, free of charge, the use of the employer's copy machine and copies of the certified transcript of the level three hearing pursuant to §§ 29–6A–3 and 29–6A–6 (1988).[1]

The first issue before us is whether the State Health Department has violated W.Va.Code § 29–6A–6 (1988) by requiring that the level three grievance hearings be conducted in Charleston at the main administrative office of the Health Department.

## I.

■ The petitioners contend that the respondents have violated W.Va.Code § 29–6A–6 (1988) by holding level three hearings in Charleston instead of at the worksite. The respondents maintain that as the central office of the State agency of the West

Virginia Department of Health is in Charleston, it satisfied the requirement of W.Va.Code § 29–6A–6 (1988). They further note that following a grievance filed concerning the level three hearings being held in Charleston, the Union agreed to Charleston as the site of level three hearings, provided the State transport the employee and the representative involved in the grievances to the hearing. The petitioners respond that the agreement was an isolated incident.

West Virginia Code § 29–6A–6 (1988) provides, in part, that:

> Level one, level two and level three hearings shall be at a convenient place accessible to the aggrieved employee. All such hearings shall be held on the employer's premises or on another premises mutually agreeable to the parties and within regular working hours: Provided, That any such hearing might continue beyond normal working hours. Level four hearings shall be at a place to be designated by the hearing examiner.

The respondent's position ignores that portion of the Code section which states that the hearing shall be at a "convenient place accessible to the aggrieved employee." Despite the availability of State vehicles to transport the grievant to Charleston for the hearing, a trip to Charleston may be neither convenient nor accessible to the aggrieved employee. Moreover, any persons who intend to offer evidence at the hearing or wish to view the proceeding must also find their way to Charleston.

We believe W.Va.Code § 29–6A–6 (1988) requires that not only should the hearing be on the employer's premises, but it should also be convenient and accessible to the aggrieved employee. Therefore, the petitioners had a clear legal right, and the respondent a legal duty, to hold the hearing at the worksite unless it was determined and agreed by the parties that the hearing should be held elsewhere.

## II.

■ The petitioners further contend that the respondents had a clear legal duty to

---

1. The respondent charged the petitioners $.25 a copy for any copies made on its copy machine and for the cost of any certified transcript requested.

provide, free of charge, the use of the employer's copy machine and copies of the certified transcript.

In support of their argument, the petitioners point to W.Va.Code § 29–6A–3($l$) (1988), which states in part that:

Forms for filing grievances, giving notice, taking appeals, making reports and recommendations, and all other necessary documents shall be made available by the immediate supervisor to any employee upon request. Such forms shall include information as prescribed by the board. *The grievant shall have access to the employer's equipment for purposes of preparing grievance documents subject to the reasonable rules of the employer governing the use of such equipment.*

(emphasis added). In contrast, the respondent maintains that W.Va.Code § 29–6A–8 (1988), which provides that "any expenses incurred relative to the grievance procedure at levels one through three shall be borne by the party incurring such expenses," limits W.Va.Code § 29–6A–3($l$) (1988) to require the petitioners to pay for the use of the equipment.

From the statutory language, it is clear that the Legislature intended the employer to regulate only the "use" of the equipment. We note, for example, that within the same subsection, the Legislature also requires that the employer maintain the forms for filing grievances, giving notices, taking appeals, and making reports and recommendations. However, the Health Department does not charge the grievant for these forms. We cannot believe that the Legislature intended that the grievant be charged for the forms upon which the grievance was filed or the copies necessary to maintain that grievance. Both the forms and the equipment, such as the copy machine, are items which are maintained by the employer for the regular use of the agency. No outside expense was incurred by the grievant's use of these items, and, therefore, we do not believe that the grievant has incurred an expense which would trigger W.Va.Code § 29–6A–8 (1988).

The petitioners next contend that they have a clear legal right to obtain a copy of the certified transcript free of charge. West Virginia Code § 29–6A–6 (1988), provides, in part, that:

The chief administrator shall be responsible for promptly providing a copy of the certified transcript of a level three hearing to any party to that hearing who requests such transcript. The hearing examiner may also request and be provided a transcript upon appeal to level four and allocate the costs therefor as prescribed in section eight [§ 29–6A–8] of this article.[2]

The respondents maintain that W.Va.Code § 29–6A–8 (1988), which mandates that the party incurring an expense bear the cost, limits § 29–6A–6 (1988) to require the petitioners to pay for the certified transcript.

A plain reading of W.Va.Code § 29–6A–6 (1988) reveals that the chief administrator of the employer-agency is responsible for providing only a copy of the certified transcript at the level three hearing to the party that requests the transcript. West Virginia Code § 29–6A–4 (1988) does not require that either party obtain a certified copy of the transcript prior to taking an appeal from that decision.[3] We find no

---

2. The chief administrator is defined in W.Va. Code § 29–6A–2 (1988) as "the commissioner, director or head of any state department, board, commission or agency."

3. West Virginia Code § 29–6A–4 states, in part:
   (d) *Level four.*
   (1) If the grievant is not satisfied with the action taken by the chief administrator or his designee, within five days of the written decision the grievant may request, in writing, on a form furnished by the employer, that the grievance be submitted to a hearing examiner as provided for in section five [§ 29–6A–5] of this article, such hearing to be conducted in accordance with section six of this article within fifteen days following the request therefor: Provided, That such hearing may be held within thirty days following the request, or within such time as is mutually agreed upon by the parties, if the hearing examiner gives reasonable cause, in writing, as to the necessity for such delay. A copy of the appeal shall be served by the grievant upon the director of personnel of the state civil service commission. The director of personnel of the state civil service commission, or his designee, may appear at such hearing and submit

reason why the certified transcript could not be copied on the employer's equipment, free of charge.

This Court has consistently held that a writ of mandamus will not issue unless the petitioners demonstrate a clear legal right to the relief sought, a legal duty on the part of the respondent to do the thing which the petitioner attempts to compel, and the absence of another adequate remedy. *See* syl. pt. 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969); *Myers v. Barte,* 167 W.Va. 194, 279 S.E.2d 406 (1981). We find the petitioners have demonstrated the elements necessary to permit a writ of mandamus to be issued on the issues presented.

We, therefore, conclude that the employer has a duty to hold the hearing at the worksite unless otherwise agreed to by the parties. We also find that the aggrieved employee has the right to use, free of charge, the employer's copy machine for the purpose of copying grievance documents and the transcript of the employment grievance hearing.

WRIT GRANTED AS MOULDED.

---

oral or written evidence upon the matters in the hearing.

(2) Within thirty days following the hearing, the hearing examiner shall render a decision in writing to all parties setting forth findings and conclusions on the issues submitted. Subject to the provisions of section seven of this article, the decision of the hearing examiner shall be final upon the parties and shall be enforceable in circuit court.