391 S.E.2d 902

**Wanda SEAY**

v.

**Honorable Rudolph J. MURENSKY, Judge of the Circuit Court of McDowell County.**

**No. 19567.**

Supreme Court of Appeals of West Virginia.

April 12, 1990.

C. Joan Parker, Welch, for Wanda Seay.

Rudolph J. Murensky Judge, Circuit Court of McDowell County, Welch, for respondent.

NEELY, Chief Justice.

This mandamus seeks to compel a ruling on a final divorce decree in the case of *Wanda Sue Seay v. Joseph S. Seay*, Civil Action No. 89–C–219 by the Honorable Rudolph J. Murensky, the respondent. The petitioner, Wanda Seay, seeks to compel Judge Murensky to sign a divorce order prepared by the petitioner's counsel based on the family law master's recommended decision. The petitioner alleges that Judge Murensky received a copy of the divorce order on 8 January 1990 and failed to sign it because: (1) the ground for the divorce is irreconcilable differences and Joseph S. Seay, the husband of the petitioner, failed to appear at the 11 December 1990 final hearing before the family law master; and (2) the divorce includes a permanent injunction restraining Mr. Seay from harassing, threatening or assaulting petitioner, although the parties have no infant children. The petitioner, a victim of domestic violence, alleges that she is entitled to the final divorce order, with a permanent restraining order, as submitted to Judge Murensky on 8 January 1990.

In his response, Judge Murensky asserts that the petitioner is currently not at risk because she is receiving protection similar to the permanent injunction requested because a *pendente lite* order was issued on 21 April 1989 by the family law master restraining both parties from "harassing,

threatening or assaulting one another at any time or place."

According to Judge Murensky, Mr. Seay did not receive notice of the final divorce hearing and was incarcerated in the McDowell County Jail on another matter beginning on 11 December 1989, the day of the final divorce hearing. The family law master's recommended decision was filed in the clerk's office on 20 December 1989, and Mr. Seay's copy was sent to his former address and not to the McDowell County Jail.[1] According to Mr. Seay's affidavit dated 29 March 1990, he has not seen the recommended decision and was not aware of the 11 December 1989 divorce hearing.

Judge Murensky also indicated that when the final divorce order was presented to him on 8 January 1990, there were matters still pending before the family law master.[2] On 21 February 1990 after considering Mr. Seay's protests, the family law master filed a report amending her recommendations to enforce the *pendente lite* order. Judge Murensky noted that except for the family law master's recommended decision filed 20 December 1989, all notices after 12 December 1989 from either the family law master or petitioner's counsel were directed to Mr. Seay in the McDowell County Jail.

Judge Murensky, in his response, also stated that as a matter of policy he does not *"routinely* grant divorces on the grounds of irreconcilable differences when one of the parties was absent at the final divorce hearing" or *"routinely* award a lifetime permanent injunction when there are no children involved particularly when a marriage is of short duration."

In Syllabus Point 3, *Segal v. Beard*, 181 W.Va. 92, 380 S.E.2d 444 (1989), we noted:

The ten-day period for filing a petition for review of a family law master's recommended decision, *W. Va. Code*, 48A–

---

1. On 12 December 1989, the petitioner served Mr. Seay in the McDowell County Jail with a notice of a hearing to enforce the *pendente lite* order.

2. It appears from the pleadings and Mr. Seay's affidavit, that although Mr. Seay attended a con-

tempt hearing to enforce the *pendente lite* order on 10 January 1990 before the family law master, he was not informed of either the family law master's recommended decision or an *ex parte* order entered on 18 December 1989 granting the petitioner exclusive use of a truck.

4–7(a) [1986], is tolled until an aggrieved party is served with notice of the filing of the recommended decision. The family law master must serve notice of the filing of the recommended decision.

In *Segal,* we held that the opportunity to be heard is a fundamental element of "due process of law." *Id.* 181 W.Va. at 100, 380 S.E.2d at 452. Service of notice of the family law master's recommended decision shall follow the procedure for service of papers after the original complaint outlined in Rule 5(b) of the *W. Va. R.Civ.P.*[3]

■ Under Rule 5(b) *W. Va. R.Civ.P.* mailing the notice to the last-known address is adequate service. However when the notice of the filing of the family law master's recommended decision was mailed on 20 December 1989, Mr. Seay's last-known address was the McDowell County Jail and not his former residence where the notice was sent.[4] As of 12 December 1989, the petitioner knew that Mr. Seay was in jail because she served him there with a notice for a contempt hearing. Although the family law master "must serve notice of the filing of the recommended decision" [*Id.* 181 W.Va. at 100, 380 S.E.2d at 452], the parties have a mutual good faith obligation to inform the family law master of the other party's known changes of residence.

Mr. Seay should not be denied the opportunity to object to the family law master's recommended decision because the petitioner failed to inform the family law master of Mr. Seay's known change of residence. Because Mr. Seay did not receive notice of the filing of the family law master's recommended decision as set forth in Rule 5(b) of

the *W. Va. R.Civ.P.* [1978], the ten-day period for petitioning for review of the recommended decision is tolled until Mr. Seay is served with notice of the filing of the recommended decision.

■ Although notice of the family law master's recommended decision to Mr. Seay is defective, we are concerned about the two "routine" policies described by Judge Murensky in his response, neither of which has any statutory basis. *W. Va.Code,* 48–2–4(a)(10) [1981] provides in pertinent part:

If one party to a marriage shall file a verified complaint, for divorce, against the other, alleging that irreconcilable differences have arisen between the parties, and stating the names of the dependent children of the parties or of either of them, and if the other party shall file a verified answer to the complaint and admit or aver that irreconcilable differences exist between the parties, the court shall grant a divorce.

The statute requires the court to grant a divorce when both parties by verified complaint and verified answer aver and admit that irreconcilable differences exist between the parties. The form contained in *W. Va.Code,* 48–2–4a [1981], which is suggested for use by defendants in divorce actions where irreconcilable differences are alleged, indicates that a notarized signature is sufficient. The statute does not require both parties to attend the final divorce hearing in order for the court to grant a divorce on the ground of irreconcilable differences and this Court disapproves of any policy requiring such attendance.

3. *W. Va. R.Civ.P.* 5(b) [1978] provides:
   (b) Same: How made.—Whenever under these rules service is required or permitted to be made upon a party represented by an attorney of record the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last-known address or, if no address is known, by leaving it with the clerk of the court. Delivery of a copy within this rule means: Handing it to the person to be served; or leaving it at his office with his clerk or other person in charge thereof; or, if the office is closed or the person to be served has

no office, leaving it at his usual place of abode with some member of his family above the age of 16 years. Service by mail is complete upon mailing.

4. No notice was sent to Ronald Hassan, Mr. Seay's counsel of record. Although the record contains no request or approval for Mr. Hassan to withdraw, a letter from Mr. Hassan to petitioner's former counsel indicating that Mr. Hassan no longer represented Mr. Seay was filed in the clerk's office on 12 December 1989. We have held that a unilateral withdrawal by counsel cannot be done once a matter is in litigation without the court's approval. *Cardot v. Luff,* 164 W. Va. 307, 262 S.E.2d 889 (1980).

A permanent protective injunction is listed in *W. Va. Code*, 48–2–15(b) [1986] as part of the relief a circuit court may grant upon ordering the annulment of a marriage, awarding a divorce or granting a decree of separate maintenance. Specifically *W. Va. Code*, 48–2–15(b)(8) [1986] provides:

> The court may enjoin either party from the molesting or interfering with the other, or otherwise imposing any restraint on the personal liberty of the other, or interfering with the custodial or visitation rights of the other.

The statute does not require that the parties have infant children or that the marriage be of any specific duration for the court to grant a protective injunction. A routine policy of not granting a protective injunction when the facts of a particular case justify such relief because no children are involved or the marriage is of brief duration is improper and disapproved of by this Court.

We hold that notwithstanding the circuit court's authority to determine the relief to be awarded upon ordering the annulment of a marriage, awarding a divorce or granting a decree of separate maintenance, when the facts of a particular case justify an award of a permanent protective injunction, as described in *W. Va. Code*, 48–2–15(b)(8) [1986], the circuit court shall not deny the protective injunction.

In Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969), we stated:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Although we disapprove of the requirements for a divorce added by Judge Murensky, we note the respondent does not have a legal duty to rule on the recommended decision because the ten-day period of review is tolled until notice of the recommended decision is served on Mr. Seay.

The petition lacks one of the required elements for a writ of mandamus.

Therefore, it is Adjudged and Ordered that the rule to show cause in mandamus, heretofore issued, be and the same hereby is discharged.

Writ denied.