446 S.E.2d 706

**Norman E. WOOD, M.D., Petitioner Below, Appellee,**

v.

**WEST VIRGINIA PUBLIC EMPLOYEES RETIREMENT SYSTEM, An Agency of the State of West Virginia, Respondent Below, Appellant.**

No. 21694.

Supreme Court of Appeals of West Virginia.

Submitted May 3, 1994.

Decided July 8, 1994.

G. Charles Hughes, Moundsville, for appellee.

Mary Blaine McLaughlin, Asst. Atty. Gen., Charleston, for appellant.

WORKMAN, Justice:

The West Virginia Public Employees Retirement System ("PERS") appeals from the September 3, 1992, order of the Circuit Court of Marshall County, directing it to grant the Appellee, Dr. Norman E. Wood, contributing

service credit for the period of June 1, 1968, through December 31, 1972. After reviewing and considering the record submitted in conjunction with applicable law, we conclude that the circuit court's ruling was in error, and accordingly, we reverse.

In June 1972, Dr. Wood submitted an application for employment as a full-time physician at the West Virginia Penitentiary in Moundsville ("penitentiary") to fill a vacancy created by the retirement of the previous physician,[1] with whom he had been associated. While the record is somewhat unclear as to the actual date on which Dr. Wood became employed as a full-time prison doctor, Gertrude Campbell, a penitentiary payroll division employee, stated by affidavit that he first became employed as a ninety-day exempt employee on July 1, 1972, and was placed on an original payroll register on December 1, 1972.

Dr. Wood filed a grievance with the West Virginia Education and State Grievance Board ("Board") on October 17, 1989, based on his belief that the time credited him had been miscalculated to his detriment.[2] See W.Va.Code §§ 29–6A–1 to –11 (1992). While Dr. Wood stated in his grievance, that "[m]y employment at the WV Penitentiary began in December, 1966," the record reflects that the only time period in dispute is June 1, 1968, through December 31, 1972.

The stated reason for the denial of Dr. Wood's level I grievance on November 11, 1989, was the inability to locate documents or records sufficient to verify the years of employment in dispute. His level II appeal resulted in a similar denial. A level III hearing was begun and adjourned on March 9, 1990, for continuation, but was never completed. Pursuant to the request of the grievance hearing examiner,[3] Dr. Wood submitted three affidavits on October 3, 1990, for the purpose of corroborating his employment claim. The affidavits submitted were executed by Ira M. Coiner, former penitentiary warden, Dudley E. Beck, former purchasing agent at the penitentiary, and Edward Coster, former penitentiary correctional officer.

■ On May 8, 1992, Dr. Wood filed a petition seeking a writ of mandamus with the circuit court, seeking to compel PERS to credit him with four years of service for retirement purposes. By order entered on September 3, 1992, the circuit court ruled that Dr. Wood had met his burden of establishing his employment during the questioned period, and awarded the writ. PERS appeals from the circuit court's issuance of the writ, compelling it to award Dr. Wood credit for the period of June 1, 1968, through December 31, 1972.

The position of PERS is that the circuit court wrongly concluded that Dr. Wood had met his burden of establishing his right to the relief sought. Specifically, PERS asserts that the total lack of credible documentation regarding the questioned period of employment, combined with Dr. Wood's admission that he made application for the position as prison doctor in July 1972, clearly establish that he could not have been an employee of the West Virginia Division of Corrections ("corrections") prior to July 1, 1972.

■ Dr. Wood argues that as a public employee, he was required to participate in the public employees retirement program. See W.Va.Code § 5–10–17 (1994).[4] The pro-

---

1. The individual previously holding the position as prison doctor, Dr. Ashworth, retired on July 1, 1972.

2. He first became aware of the alleged error on or about October 13, 1989, when he received a statement identifying the length of his accumulated service for retirement purposes.

3. By memorandum, dated December 14, 198[9], the hearing examiner advised Dr. Wood:

The West Virginia Public Employees Retirement System has tried to verify your prior employment with a former employer and have been advised by them that their records are insufficient to supply the information we need.

According to the Rules and Regulations of the Board of Trustees of the Public Employees Retirment [sic] System, if the participating employer is unable to verify your prior employment, you must secure two affidavits of credible persons who worked with you during the period you were employed or had personal knowledge of such employment. We are herewith enclosing two form affidavits and suggest that you have these completed. . . .

4. West Virginia Code § 5–10–17(a) provides, in pertinent part, that "[a]ll employees, as defined

vision defining those persons who qualify as public employees states as follows:

> 'Employee' means any person who serves regularly as an officer or employee, full time, on a salary basis, whose tenure is not restricted as to temporary or provisional appointment, in the service of, and whose compensation is payable, in whole or in part, by any political subdivision, or an officer or employee whose compensation is calculated on a daily basis and paid monthly or on completion of assignment, including technicians and other personnel employed by the West Virginia national guard whose compensation, in whole or in part, is paid by the federal government: Provided, That members of the state Legislature, the clerk of the House of Delegates, the clerk of the state Senate, employees of the state Legislature whose term of employment is otherwise classified as temporary and who are employed to perform services required by the Legislature for its regular sessions or during the interim between regular sessions and who have been or are so employed during regular sessions or during the interim between regular sessions for eight or more years, members of the legislative body of any political subdivision and judges of the state court of claims shall be considered to be employees, anything contained herein to the contrary notwithstanding. In any case of doubt as to who is an employee within the meaning of this article the board of trustees shall decide the question[.]

W.Va. Code § 5–10–2(6) (1994). Dr. Wood reasons that because all public employees are required to participate in the public employees retirement program and because he maintains that he qualifies, by definition, as an employee, therefore, he must have been employed by the prison during the relevant time periods. We find this reasoning to be rather circuitous, especially since the critical issue is whether he in fact was an employee of the prison during the disputed time period.

The Board disputes Dr. Wood's contention that there is no evidence that Dr. Wood's position is incorrect. The record includes a letter, dated December 4, 1972, from Dudley E. Beck, as the penitentiary business manager who was also one of Dr. Wood's three affiants, to Ira L. Dadisman, Jr., as personnel director of the penitentiary, which states, in part:

> The Institution is picking up Dr. Norman F. Wood from Requisition # 88. Dr. Wood is a man of considerable experience, first in Medical and Surgical procedures and is always on call. Dr. Wood has acted as *standby physician* for Dr. Ashworth, who retired on July 1, 1972.

> During the past four years Dr. Wood aided Dr. Ashworth at the Institutions [sic] hospital, standing sick call and during medical emergencys [sic] therefore, I respectfully request that we be allowed to start Dr. Wood at the third step being $1120 per month. In considering this, please bear in mind that he is a professional man with high standing in the community. (emphasis supplied)

This document appears to support the Board's position that, prior to July 1972, any treatment of prisoners by Dr. Wood was done under private agreement between Drs. Ashworth and Wood and *not* pursuant to contractual arrangement between Dr. Wood and the penitentiary.

Each of the three affidavits submitted by Dr. Wood in response to the hearing examiner's request is a form "affidavit for verification of prior service" which merely states that the affiant is acquainted with Dr. Wood, that the affiant was employed by corrections from June 1, 1968, to December 31, 1972, except for Mr. Beck,[5] and that Dr. Wood "worked for the said public employer during the above[-] mentioned exact employment dates." Importantly, not one of the affiants

in section two [§ 5–10–2] of this article, who are in the employ of a political subdivision the day preceding the date it becomes a participating public employer and who continue in the employ of the said participating public employer on and after the said date shall become members of the retirement system; and all persons who become

employees of a participating public employer on or after the said date shall thereupon become members of the system...."

5. Dudley Beck stated in his affidavit that he was not employed by corrections until June 15, 1969.

was employed in any payroll or records capacity with either corrections or PERS. Moreover, the quoted language from the affidavit does not actually contain an averment that Dr. Woods was a full-time penitentiary employee, merely that he performed work for the penitentiary. The Board does not appear to dispute that Dr. Wood was on the penitentiary premises during the questioned period, periodically providing medical services to prisoners. What the Board does dispute, on the basis of no documentation of his employment with either corrections or PERS prior to December 1972, is that Dr. Woods was an employee of the penitentiary.[6] We further note that not one of the affiants was ever presented for questioning regarding the information stated in the affidavits.

The circuit court apparently succumbed to the circuitous reasoning of Dr. Wood that because he treated inmates during the questioned period and because all public employees are required to contribute to the public employees retirement system, he was therefore a public employee. This reasoning is flawed for several reasons. First, the fact that he provided medical care to prisoners during the questioned time period does not rule out the possibility of an arrangement between Drs. Ashworth and Wood. In fact, the only public record concerning Dr. Wood's work for the state during the disputed period is the December 4, 1972, letter written by Mr. Beck and it references the existence of just such a backup or "standby" arrangement. Second, the affidavit testimony submitted on behalf of Dr. Wood is certainly subject to scrutiny. Because not one of the affiants stated anything other than a conclusory statement regarding Dr. Wood having "worked for" the penitentiary during the questioned period and because not one of them worked in a capacity which would arguably permit them routine access to employment records, the affidavit testimony alone

does not constitute the required credible testimony necessary to establish Dr. Wood's employment. Finally, the evidence submitted by the Board which demonstrated that Dr. Wood first became a permanent employee for both PERS and penitentiary payroll purposes on December 1, 1972, is evidence which directly refutes the claims made by Dr. Wood.

As we stated in *Halstead v. Dials*, 182 W.Va. 695, 391 S.E.2d 385 (1990),

'A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.' Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

182 W.Va. at 696, 391 S.E.2d at 386, syl. pt. 3. In this case, Dr. Wood has not demonstrated a clear right to the relief he seeks. The mere submission of an affidavit in response to a request from the Board seeking independent evidence of a public employee's employment, where credit for retirement purposes is in question, does not alone constitute credible evidence of employment sufficient to grant a public employee credit for the period in question. In fact, the Board should carefully scrutinize all such affidavit testimony given its charge of fiduciary responsibility to oversee the PERS funds. *See Dadisman v. Moore*, 181 W.Va. 779, 384 S.E.2d 816 (1988); *see generally* W.Va.Code §§ 5–10–1 to –54 (1994).

Under the facts of this case, as presented, we find that Dr. Wood did not meet his burden of establishing a clear right to the relief sought. *See* Syl.Pt. 3, *Halstead*, 182 W.Va. at 696, 391 S.E.2d at 386. Specifically,

---

6. The affidavit of Gertrude Campbell, a penitentiary payroll employee, avers that:

I know Dr. Norman Wood was on the premises of the West Virginia Penitentiary, taking care of inmate patients for a period of time (approximately four years) before he became an employee of the West Virginia Penitentiary, Department of Corrections (fka Department of Public Institutions).

Dr. Wood was first employed by the West Virginia Penitentiary as a 90 day exempt employee on 7–1–72 and was appointed from an original register on 12–1–72. I have no knowledge of how he was compensated for his time before this date, however, speculation at that time was that he was being paid by Dr. Harold Ashworth. Dr. Ashworth was the Physician at that time and the only physician on the payroll.

Dr. Wood failed to prove that he qualified as an "employee" under the definition of West Virginia Code § 5–10–2(6) during the questioned time period. Accordingly, he was not entitled to credit for that time period by PERS.

Based on the foregoing, we hereby reverse the decision of the Circuit Court of Marshall County.

Reversed.