# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**SER Joseph R. Fluharty,**
**Plaintiff Below, Petitioner**

**v. No. 11-0737** (Claim No. 800018137)

**Michael D. Riley, West Virginia**
**Insurance Commissioner,**
**Commissioner Below, Respondent**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph R. Fluharty, *pro se*, files this original jurisdiction petition for a writ of mandamus directed against the respondent, Michael D. Riley,[1] the West Virginia Insurance Commissioner and the government official charged with managing the Workers' Compensation system in West Virginia. The respondent, by counsel Richard M. Crynock, filed a timely response. Petitioner requests that this Court grant his writ of mandamus against the Commissioner for not complying with this Court's prior order concerning his workers' compensation benefits.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 31, 1998, Mr. Fluharty was granted a permanent total disability award for his work-related injuries. Initially, the onset of disability was calculated to be July 8, 1986. By order dated February 22, 2001, the Workers' Compensation Office of Judges adjusted the onset date of permanent total disability to be February 1, 1990. On May 23, 2003, the West Virginia Supreme Court of Appeals issued an order determining the onset of permanent total disability to be April 28, 1981.

On April 26, 2004, Mr. Fluharty requested an adjustment to his wages due to incorrect information from his employer that prevented him from receiving cost of living increases pursuant to West Virginia Code § 23-4-16 (2003). By decision dated June 27, 2005, the former Workers' Compensation commissioner granted Mr. Fluharty a wage adjustment to his permanent total disability award for the period from April 26, 2002, through July 31, 2005. The amount of

---

[1] The original Respondents in this case were former West Virginia Insurance Commissioner Jane Cline, Sedgwick CMS as Third-Party Administrator, and Eastern Associated Coal Corporation. Michael D. Riley is the current Insurance Commissioner.

1

wage adjustment for this period was $1,815.39, based upon the difference between Mr. Fluharty's prior daily wage of $70.38 (which produced the former weekly compensation rate of $246.33), and his new daily wage, after adjustment, of $73.32, (which produced the new compensation rate of $256.62 per week). Mr. Fluharty protested the new calculation. The adjustment was affirmed by the Workers' Compensation Office of Judges and the Board of Review. The West Virginia Supreme Court of Appeals, in a memorandum order dated May 13, 2009, affirmed the Board of Review order to the extent the order granted the wage adjustment. However, the Supreme Court of Appeals reversed, in part, and directed that Mr. Fluharty receive interest on his permanent total disability award in the amount of 6% per annum, as provided by West Virginia Code § 23-4-16a.

As a result of this Court's memorandum order dated May 13, 2009, the commissioner concluded that the principal in question was $1,815.39, which was the amount of money paid to Mr. Fluharty for the difference in his permanent total disability award caused by the wage adjustment. The period in question was the approximately three-year period from April 26, 2002, through July 31, 2005. Because the commissioner continued the wage adjustment from August 1, 2005, the commissioner concluded that no adjustment was necessary after August 1, 2005. On March 18, 2011, Sedgwick CMS, the third-party administrator, granted Mr. Fluharty interest at a rate of 6% per annum for the wage differential in permanent total disability benefits for the period from April 26, 2002, through July 31, 2005, in the amount of $229.32.

On May 2, 2011, Mr. Fluharty filed a petition for a writ of mandamus against then Commissioner Jane Cline. In his petition, Mr. Fluharty argued that because his permanent total disability award, with an onset date of April 28, 1981, is prior to the July 1, 2003, changes in West Virginia's Workers' Compensation law, the controlling law in his case should be West Virginia Code § 23-4-14 (1991). Mr. Fluharty was of the opinion that Sedgwick CMS and the Commissioner did not comply with this Court's May 13, 2009, memorandum order. On April 11, 2012, the Supreme Court of Appeals issued a rule that the commissioner show cause as to why a writ of mandamus should not be awarded against him unless sooner mooted by a change to the petitioner's award as set forth in the Supreme Court's memorandum order entered on May 13, 2009.

In response, the commissioner argues that Mr. Fluharty's permanent total disability award was processed, and is being paid, under the appropriate statutory law. The commissioner asserts that Mr. Fluharty has been, and is being, paid based on the new wage rate of $1,115.80 since 2005. Interest has also been paid at a rate of 6% per annum for the wage differential in permanent total disability benefits for the period from April 26, 2002, through July 31, 2005, in the amount of $229.32. The commissioner argues that Mr. Fluharty fails to meet the requirements necessary for mandamus relief.

This case arises procedurally as a request by Mr. Fluharty to invoke this Court's original jurisdiction by way of the extraordinary remedy of mandamus. Typically, we permit the invocation of this writ "only in limited and truly exceptional circumstances." *State ex rel. School Bldg. Auth. v. Marockie*, 198 W.Va. 424, 432, 481 S.E.2d 730, 738 (1996). *Accord State ex rel. Charleston Bldg. Comm'n v. Dial*, 198 W.Va. 185, 191, 479 S.E.2d 695, 701 (1996). The test to

2

determine whether relief by way of a writ of mandamus is proper in a particular case is three-fold:

"A writ of mandamus will not issue unless three elements co-exist (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 1, *State ex rel. Billy Ray C. v. Skaff*, 190 W.Va. 504, 438 S.E.2d 847 (1993); Syllabus Point 2, State ex rel. *Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969)." Syllabus point 2, *Staten v. Dean,* 195 W.Va. 57, 464 S.E.2d 576 (1995). Syl. pt. 2, *Ewing v. Board of Educ. of Summers County*, 202 W. Va. 228, 503 S.E.2d 541 (1998). Thus, we must ascertain whether the petitioner has satisfactorily fulfilled these criteria and demonstrated his entitlement to mandamus relief.

First, Mr. Fluharty must have a "clear legal right" to the relief which he seeks. Mr. Fluharty was awarded a permanent total disability award with an onset date of April 28, 1981. Subsequent to his permanent total disability award, this Court granted Mr. Fluharty interest on the permanent total disability award in the amount of 6% per annum in its May 13, 2009, memorandum order. Based upon our examination, we find that Mr. Fluharty has a clear legal right to have this Court's memorandum order implemented.

Next, the standard for issuing a writ of mandamus requires us to discern whether the respondent commissioner has a "legal duty" to do that which the petitioning claimant seeks to compel. After this Court's order to grant Mr. Fluharty interest on his permanent total disability award in the amount of 6% per annum, Sedgwick CMS granted the petitioner interest at a rate of 6% per annum for the wage differential in permanent total disability benefits for the period from April 26, 2002, through July 31, 2005. In all, Mr. Fluharty was paid an additional $229.32. Based upon the evidence presented at this time, the commissioner has complied with the directions of this Court in its memorandum order dated May 13, 2009. For these reasons, we conclude that the relief that the petitioner seeks has already been granted by the entry of the March 18, 2011, decision by Sedgwick CMS.

Lastly, the three-part test for mandamus relief requires the "absence of another adequate remedy." The commissioner notes that there exists another adequate remedy of law in this case because Mr. Fluharty protested the March 18, 2011, decision from Sedgwick CMS. On April 23, 2012, the Office of Judges affirmed Sedgwick's decision. However, on May 25, 2012, the Board of Review remanded the matter to the Office of Judges with instructions to enter a new time frame order in light of additional evidence provided by Mr. Fluharty. We find that Mr. Fluharty has an adequate remedy of law to address the issue before this Court within the workers' compensation system. If not satisfied by the decision by the Office of Judges and the Board of Review, Mr. Fluharty then may return to this Court by petition for appeal.

For the reasons set forth herein, under the facts of this case, we find that the petitioner is not entitled to mandamus relief.

3

Writ denied.

**ISSUED:**  November 26, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II