STATE *ex rel.* ROBERT KUCERA, *etc., et al.*

*v.*

THE CITY OF WHEELING, *etc.*

(No. 12856)

Submitted September 3, 1969. Decided November 11, 1969.

*McCamic & McCamic, Jolyon W. McCamic,* for relator.

*George G. Bailey,* City Solicitor, *George B. Vieweg, III,* Assistant City Solicitor, for respondent.

BROWNING, JUDGE:

This is an original proceeding for a writ of mandamus instituted by Robert Kucera, individually, and on behalf of all persons similarly situate as paid fire fighters employed by the City of Wheeling, a municipal corporation, against the City of Wheeling. The petitioner represents that the defendant, the City of Wheeling, is a duly chartered municipal corporation of the State of West Virginia; that petitioner is President of Fire Fighters Local No. 12; that petitioner and all other members of Fire Fighters Local No. 12 are employed by the defendant, the City of Wheeling, in accordance with the definition as set forth in Code, 8-15-9, as amended. In December, 1967, the petitioner, in the same capacity brought suit against

the City of Wheeling for overtime wages, which suit was appealed.

This Court did grant an appeal in that case, styled *State ex rel Robert Kucera, etc., et al. v. The City of Wheeling,* No. 12833, and on July 15, 1969, granted the appellants the motion to reverse thereby holding that municipal firemen were by the applicable provisions of Code 21-5C-1, as amended, "entitled to time and a half for hours worked in excess of the hours specified therein." A petition for rehearing was filed in that case on August 11, 1969, and was denied on November 4, 1969.

On April 14, 1969, the City of Wheeling received approval in writing from the West Virginia State Tax Commissioner for its fiscal year 1969-70 budget showing total disbursements of $3,407,003.71. This budget represented salaries to be paid as personal services to the Fire Department of $720,566.44. This budget after publication in accordance with the statutes of West Virginia received final approval by Council of the City of Wheeling on April 15, 1969. The $720,566.44 was broken down as follows: The chief would receive $10,000.00; five assistant chiefs, $38,400.00; eleven captains, $76,164.00; fourteen lieutenants, $93,240.00; twenty-eight drivers, $176,266.84; forty pipemen, $260,563.20; one mechanic, $7,032.00; one stenographer, $5,040.00; four switchboard operators, $15,-530.40; one female clerk, $3,360.00; compensation for holidays, $3,500.00; and longevity allowance of $31,470.00. The relator alleges that since July 1, 1969, the City Manager, through the Auditor of the City of Wheeling, has paid all employees except the firemen in accordance with the approved budget. He has made these payments without any other action by the City Council. The firemen are not being paid their increase as set forth in the approved budget because of alleged discriminatory action on the part of the City of Wheeling. The petitioner quotes from alleged minutes of the City Council in a meeting held June 10, 1969: "[T]hat all pay raises in the fire department be held up pending the decision of the State Su-

preme Court on the case of James Robert Kucera vs. The City of Wheeling.

"If the appeal is not granted, the City of Wheeling will then pay the raise retroactive to July 1, 1969.

"This action is prompted because of the tremendous financial burden that will be placed on this city if the Court rules in favor of Mr. Kucera."

On July 8, 1969, Council granted the raises to the stenographer, the four switchboard operators and one female clerk in the Fire Department, since these individuals would not be affected by the overtime pay as ordered by this Court. On August 12, 1969, Council granted the raises to the fire chief and the mechanic retroactive to July 1, 1969, since they would not be affected by overtime pay. All other personnel in the Fire Department have not received their increases because they are affected as to the overtime pay case.

Respondent denies that relator files this proceeding in exactly the same capacity as the former suit for overtime pay. It also denies that the Council of the City of Wheeling approved the budget for the City for the fiscal year 1969-70 by ordinance on April 15, 1969; it also alleges that the minutes of the Council for the meeting of June 10, 1969, appear as follows:

"REPORT OF COMMITTEES

"FIRE DEPT. PAY RAISES

"Mr. Karnell, Chairman of the Finance Committee, read the following committee report:

"The Finance Committee of Council wishes to make the following recommendation:

"That all pay raises in the Fire Department to be held up pending the decision of the State Supreme Court on the case of James Robert Kucera vs. The City of Wheeling.

"If the appeal is not granted, the City will then pay the raises retroactive to July 1.

"This action is prompted because of the tremendous financial burden that would be placed on this City if the Court rules in favor of Mr. Kucera.

"Signed/ Peter J. Karnell<br>
Oscar G. Ebeling<br>
James L. Rogers

"Mr. Karnell moved seconded by Mr. Nelson that the Finance Committee report be adopted. The motion was adopted."

Respondent denies that any of this is discriminatory towards petitioners. Respondent also alleges that the City of Wheeling has the City Manager form of government pursuant to the provisions of its special legislative charter and that the Council of the city has no authority or control over salary or wages paid to its employees; also that the City Manager is the administrative and executive officer who determines what salaries are to be paid and this is within the authority and discretion of the City Manager. Respondent notes that the City Manager has not been made a party respondent to this suit either as an individual or in his capacity as City Manager. The original petition in this case was filed July 15, 1969. On July 21, 1969, this Court granted the rule returnable September 3, 1969.

It is axiomatic, of course, that petitioners in mandamus must have a clear legal right to the relief sought therein and such right cannot be established in the proceeding itself. In *Damron* v. *Ferrell,* 149 W. Va. 773, 143 S. E. 2d 469, this Court said: "The general rule is that the writ of mandamus will not issue unless three elements coexist — (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and, (3) the absence of another remedy at law." The opinion cited several previous decisions of this Court. If these petitioners prevail in this proceeding they must do so by the action of the council of the City of Wheeling on April 15, 1969, that

being the only action by the council or any official of the city upon which they could rely for a clear legal right to receive from the auditor of the City of Wheeling a pay increase effective July 1, 1969, of five per cent. The action of the council of April 15 was merely an approval of the budget for the fiscal year for 1969-1970, it having theretofore been approved by the State Tax Commissioner and published in accordance with the statutes of this State. It is true that that budget provided that each of the employees of the Fire Department "would receive" a certain definite annual salary or wage and such would include a five per cent raise. However, it is the view of this Court that the approval of that budget by the council in April did not constitute a raise in salary to any official or employee of the City of Wheeling. If that were true, the approval by any department of government of a prospective budget containing sufficient funds to provide salary raises for its employees would thereafter make that department mandatorily liable to pay the maximum of such raises therein provided even though there was no specific action fixing the salaries of such employees. Furthermore, prior to the beginning of the fiscal year, the city council took affirmative action by the adoption of an ordinance providing that if the original *Kucera* case heretofore cited were decided against the city the pay raises for those affected thereby would not be implemented inasmuch as the budget for the fiscal year 1969-1970 would have placed upon it "a tremendous financial burden." In other words, if the budget was adopted in April providing sums that would have permitted five per cent raises for the petitioners herein, no action was ever taken granting such raises as was done to all of the other employees of the Fire Department. Indeed, specific action was taken by the council to the contrary with regard to petitioners. If the city council or city manager, if he be the proper official to do so, as alleged in the answer, had granted a pay raise of five per cent to these petitioners or other employees of the city effective July 1, 1969, and the auditor had

refused to issue drafts therefor but had issued drafts instead for the amount received under their former salaries, then any such employee would have a clear legal right to a writ of mandamus to direct the auditor to issue the checks in the proper amounts as theretofore provided. But those were not the facts herein and it is the view of this Court that the petitioners do not have a clear legal right to the relief sought and for that reason the rule heretofore issued will be discharged and the writ denied.

*Writ denied.*