STATE *ex rel.* HUGH A. LYNN

*v.*

HONORABLE RALPH PRYOR, *Judge, etc.*

(No. 12997)

Submitted September 29, 1970.    Decided October 27, 1970.

*Victor A. Barone,* Assistant Attorney General, for respondent.

BROWNING, PRESIDENT:

This is an original proceeding in mandamus instituted by the State of West Virginia at the relation of Hugh A. Lynn, hereinafter referred to as relator, against Honorable Ralph Pryor, Judge of the Circuit Court of Ohio County, West Virginia.

Relator is an incarcerated convict at West Virginia State Penitentiary. It does not appear from the pleadings for what crime relator was convicted, the term he is serving, or the county in which he was convicted, although it probably was Ohio County. It does appear that relator filed a petition for a writ of habeas corpus in the Ohio County Circuit Court on July 10, 1969. After "[h]earing nothing from the court," relator alleges that he filed a "notice for appointment of counsel, and a request . . . for a hearing" on October 9, 1969. On

November 6, 1969, respondent appointed Landers A. Bonenberger, an attorney, to represent relator and advised both relator and counsel that it would hear the application. According to respondent, a hearing was held on March 20, 1970, at which time respondent ordered a transcript of proceedings held on March 12, 1970, in the Ohio County Intermediate Court involving relator. Sometime during all of this, relator apparently wrote counsel, as he alleges in his petition the following:

> Letters to the attorney failed to merit petitioner any satisfaction. Attorney maintained that he was waiting on a transcript of a pre-trial hearing of plea of abatement.

Although it is not clear from the pleadings, relator's reference to a transcript perhaps is to the same transcript ordered on March 20, 1970. Relator additionally alleges that on May 14, 1970, he "again filed a motion for a hearing and a petition in support in said court," but that he "has received no explanation or shown good cause why his requests are ignored."

From respondent's answer and motion to dismiss, additional facts appear. The aforementioned transcript was prepared and filed with the court on July 23, 1970, some two weeks after relator filed his petition for a writ of mandamus in this Court. The respondent announced several times to Mr. Bonenberger that the court stood ready to hear his case at any time. On August 28, 1970, relator filed a "Motion for Mandamus and Show Cause" against respondent in respondent's court. Respondent immediately directed that relator and counsel be brought before the court. On September 9, 1970, it became apparent to respondent that there were differences between counsel and relator, and at the request of both, Mr. Bonenberger was relieved and Arthur W. Recht appointed in his place. Mr. Recht informed the court that the case would be brought on for hearing as soon as he was prepared to make a presentation. As can be seen, this was approximately one month ago.

On September 14, 1970, we granted the rule returnable on September 29, 1970, at which time the case was submitted

for decision upon relator's petition and respondent's answer, motion to dismiss and brief.

It is apparent from respondent's answer and motion to dismiss that the respondent stands ready to hear this matter, and that he is not responsible for the long delay which has resulted. This matter would have been heard months ago if relator had not wanted to relieve the first attorney appointed to represent him. It is likewise apparent from respondent's pleadings that this Court was not apprised of the true facts of this case when relator submitted his petition for consideration. Relator's allegations, upon oath, that he "has received no explanation or shown cause why his requests are ignored" are obviously untrue. He has falsely accused respondent, expressly and impliedly, of some wrongdoing, when in fact the relator himself is the party responsible for the delay complained of.

This is the second syllabus point of *State ex rel. Kucera v. Wheeling,* 153 W.Va. 538, 170 S.E.2d 367:

> A writ of mandamas will not issue unless three elements coexist — (1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

It is apparent in the instant case that relator has not met the first requirement. Respondent appointed counsel for relator and stood ready for quite some time to hear the case. Through no fault of respondent, a new attorney had to be appointed to represent relator, and now respondent still stands ready to hear the case. He has done all that the law requires of him. Thus, there is nothing for this Court to compel respondent to do. The failure of this case to come on for hearing is entirely the fault of relator, and, therefore, the writ of mandamus prayed for is denied.

*Writ denied.*