WILLIAM DELARDAS

*v.*

THE COUNTY COURT OF MONONGALIA COUNTY, WEST

VIRGINIA, *et al.*

(No. 13348)

Decided July 29, 1975.

1028

*William Delardas* per se.

*David L. Solomon, Pros. Atty., Mike Magro, Jr., Asst. Pros. Atty., Leo Catsonis* for respondents.

HADEN, CHIEF JUSTICE:

This is an original application by Petitioner, William Delardas, individually, as a citizen, voter and taxpayer of Monongalia County and the State of West Virginia, and on behalf of all other citizens, voters and taxpayers similarly situated, for a writ of mandamus to compel the County Commission of Monongalia County (formerly known as the County Court of Monongalia County), Joseph E. Kun, President and Commissioner, John Patrick Ball, Commissioner, and Richard E. Davies, Commissioner, Respondents: (1) to cease and desist paying, and, in the instance of Commissioners Kun and Ball, receiving salary increases payable pursuant to *W. Va. Code* 1931, 7-1-5a, as amended; (2) in the instance of Commissioners Kun and Ball, to return such amounts of additional compensation already collected by them to the Sheriff of Monongalia County or other proper authority; and, (3) to hold the Respondents, individually and collectively, accountable and responsible for additional compensation paid to the incumbent Clerk of the County Commission of Monongalia County pursuant to *W. Va. Code* 1931, 7-7-4 and 7-7-5, respectively amended.

Prior to instituting this proceeding, the Petitioner made formal demand upon the Respondents to honor the foregoing requests. By order entered by the County Commission of Monongalia County, the Respondents refused to honor these demands.

The primary issue presented in this proceeding is identical to that resolved in the companion case of *State ex rel. Goodwin v. Rogers, Commissioner*, W. Va., S.E.2d (Case No. 13330, July 29, 1975): whether certain provisions of Chapter 21, *Acts of the Legislature*, Regular Session 1972,[1] authorizing increased compensation to Re-

---

[1] Hereinafter referred to as the "1972 Act," this omnibus salary measure: *repealed W. Va. Code* 1931, 7-1-5(1) through and including 7-1-5(54), 11-2-5(1) through and including 11-2-5(55); *amended and*

spondents and other elected county officials violates West Virginia Constitution, Article VI, Section 38. Consistent with our contemporaneous holding in the *Goodwin* case, the Court is of the opinion that *W. Va. Code* 1931, 7-1-5a, 7-7-4 and 7-7-5, as respectively amended, provide constitutionally permissible salary increases for incumbent county officials.

> "Where the duties newly imposed on a public official by the legislature are not mere incidents of the office which he holds, but embrace a new field, and are beyond the scope and range of the office as it theretofore had existed and functioned, a concurrent legislative increase of salary of such official is not violative of West Virginia Constitution, article 6, section 38, which inhibits the increasing of a public official's salary within his term of office." *Syllabus, Springer v. Board of Education*, 117 W. Va. 413, 185 S.E. 692 (1936); *State ex rel. Goodwin v. Rogers, Commissioner, supra, syllabus* point 1, *id.*

This opinion is written for the purpose of responding to a substantial issue not raised or resolved by the *Goodwin* case, *supra*. Mr. Delardas attacks the constitutionality of a portion of *W. Va. Code* 1931, 7-7-3, as amended, which, as noted in the *Goodwin* case, classifies counties into seven salary categories based upon minimum and maximum assessed valuation of property, all classes, located within the county. That statute provides as follows:

> "For the purpose of determining the compensation of elected county officials, the counties of the state of West Virginia are hereby grouped into seven classes based on their assessed valuation of property, all classes. These seven classes and the minimum and maximum valuation of property, all classes, established to determine the classification of each county are as follows:

---

*reenacted W. Va. Code* 1931, 7-1-5 and 7-7-1 *et seq.* (entirety of Article 7); *amended and added W. Va. Code,* 1931, 7-1-3q and 3r, 7-1-4 and 7-1-5a. Accordingly, references to a particular *Code* section, *e.g.* "W. Va. Code 1931, 7-1-5a, as amended" are to be regarded as specific references within the 1972 Act, unless otherwise qualified.

| Class | Minimum Assessed Valuation of Property, All Classes | Maximum Assessed Valuation of Property, All Classes |
|---|---|---|
| Class I | $600,000,000 | No Limit |
| Class II | $450,000,000 | $599,999,999 |
| Class III | $200,000,000 | $449,999,999 |
| Class IV | $100,000,000 | $199,999,999 |
| Class V | $ 50,000,000 | $ 99,999,999 |
| Class VI | $ 15,000,000 | $ 49,999,999 |
| Class VII | $ 0 | $ 14,999,999 |

The assessed valuation of property, all classes, that shall be used as the base to determine the class of a county shall be the assessed valuation of property, all classes, of the county as certified by the county assessor, state auditor and county clerk prior to March twenty-nine, one thousand nine hundred seventy-two.

*Prior to March twenty-nine, one thousand nine hundred seventy-six and each fourth year thereafter, the county court of each county shall determine if the assessed valuation of property, all classes, of the county, as certified by the county assessor, state auditor and county clerk, is within the minimum and maximum limits of a class above or below the class in which the county then is. If the county court so determines, it shall record the new classification of the county with the state auditor and state tax commissioner and record its action on its county court record.*

*The classification of each county shall be subject to review by the state tax commissioner. He shall determine if the classification of each county is correct based on the final assessed valuation of property, all classes, certified to him by the county assessor, state auditor and county clerk. If he finds that a county is incorrectly classified he shall notify the county court of that county promptly of his finding and in any case shall notify the county court prior to June thirtieth of that current fiscal year. Any county court so notified shall correct its classification immediately*

*and make any necessary corrections in the salaries of its elected county officials for the next fiscal year."* (Emphasis supplied).

As relates to the italicized portions of *Section 3, id.,* the Petitioner charges that normal fluctuations in assessed valuations of property within a given county will cause changes which, if the statute were to be applied as written, would result in automatic salary increases for incumbent county officials in a manner prohibited by West Virginia Constitution, Article VI, Section 38. The Petitioner's point is well taken. As recognized and applied in the *Goodwin* and *Springer* decisions, *supra,* salary increases to incumbent public officials are permissible only where such additional compensation is based upon the imposition of new and additional duties beyond the scope and range of public officials' offices as they had theretofore existed and functioned. A statute which contains an automatic escalator clause, providing for increase of salaries to county officials during their present term of office without also placing the concomitant burden of new and additional duties upon those offices, is facially unconstitutional in violation of West Virginia Constitution, Article VI, Section 38.

The concluding provision of the 1972 Act, *W. Va. Code* 1931, 7-7-21, as amended, provides as follows:

"If any provision of this article or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the article, and to this end the provisions of this article are declared to be severable."

The foregoing represents a "severability" provision couched in customary legislative language. It is settled by many prior decisions of this Court that, if the unconstitutional portions of a statutory enactment are clearly distinct and separable from the remaining portions of the enactment, the constitutional invalidity of the separable portion will be recognized as not affecting the validity of the remaining portions thereof when the re-

maining portions are complete in themselves, capable of being executed independently of the unconstitutional portion and valid in other respects. *State ex rel. State Building Commission of West Virginia v. Bailey*, 151 W. Va. 79, 150 S.E.2d 449 (1966); *State v. Heston*, 137 W. Va. 375, 71 S.E.2d 481 (1952); *Lingamfelter v. Brown*, 132 W. Va. 566, 52 S.E.2d 687 (1949); 16 Am.Jur.2d *Constitutional Law* §§ 181, 182 (1964). In such circumstances, the remaining portions of the legislative enactment will be upheld. *Delardas v. County Court of Monongalia County*, W. Va., 186 S.E.2d 847, 856 (1972). Except as herein nullified, the Court is of the opinion that the 1972 Act does not violate the constitutional inhibitions of *W. Va. Const.* Art. VI, § 38, *supra*, as respects the Respondents and all other county officials similarly situate.

If this Court had permitted the "escalator" provision to stand and if it were to be applied later to increase the salary of any county official under circumstances resulting in a reclassification of a county by reason of changed assessed valuations, such application, obviously, would be invalid. As to the Respondent's herein and all other county officials similarly situate, such future application is a prospect merely, and does not affect them nor the outcome of this proceeding. Nevertheless, the automatic salary escalation contained within a portion of the statute must be struck down and the question raising the point was presented seasonably.

In this jurisdiction, "[a] writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of the respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." *Syllabus* point 2., *State ex rel. Kucera v. Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). For the reasons set forth in this opinion and in the *Goodwin* case, the companion decision, the Petitioner has shown neither a clear legal right on his part, nor a legal duty on the part of the Respondents to do the

things which the Petitioner sought to compel. The rule in mandamus heretofore awarded is discharged and the Petitioner's application for a writ of mandamus is denied.

*Rule discharged;*
*writ denied.*