590 S.E.2d 653

**STATE of West Virginia ex rel. Human Resource Development and Employment, Inc., Petitioner Below, Appellant,**

v.

**The BOARD OF RISK AND INSURANCE MANAGEMENT OF the STATE OF WEST VIRGINIA, Respondent Below, Appellee.**

No. 31235.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 24, 2003.

Decided Nov. 21, 2003.

Concurring Opinion of Justice McGraw Dec. 10, 2003.

---

4. We have reviewed the appellants' arguments regarding the propriety of the circuit court's action in transferring the case to Monongalia County, where the accident took place. We agree with Consol that this was a proper exercise of the circuit court's discretion under *W.Va.Code,* 56–1–1(b) [1986].

McGraw, J., concurred and filed opinion.

Samuel Spencer Stone, Esq., Morgantown, for Appellant.

Darrell W. McGraw, Attorney General, Debra L. Hamilton, Managing Deputy Attorney General, Charleston, for Appellee.

PER CURIAM.

In the instant case, we conclude that the State Board of Risk Management must offer an insurance policy to a non-profit agency.

I.

The petitioner is Human Resource Development and Employment, Inc. ("HRDE"), a non-profit corporation that owns, operates, and manages apartment complexes in West

Virginia that provide subsidized housing for elderly, disabled, and/or low-income citizens of West Virginia.

In 1997, HRDE was named as a defendant in a lawsuit as a result of personal injuries sustained by a person working at an apartment complex in Weirton, West Virginia. The complex was owned by D & J Development, a for-profit West Virginia corporation. D & J was also named as a defendant in the suit. All of D & J's stock is owned by HRDE; however, the reason for this arrangement is unclear from the record.

At the time of the suit, HRDE had insurance coverage in place that listed D & J as an additional insured. The insurance was issued to HRDE by the Board of Risk and Insurance Management of the State of West Virginia ("BRIM"), a state agency that is, *inter alia*, authorized by *W.Va.Code,* 29–12–5(b) [2003] to provide property and liability insurance to political subdivisions and nonprofit charitable and/or public service organizations.

Specifically, *W.Va.Code,* 29–12–5 [2003], states, in part:

> (b) If requested by a political subdivision, a charitable or public service organization, or an emergency medical services agency, the board [BRIM] is authorized to provide property and liability insurance to insure their property, activities and responsibilities. The board is authorized to enter into any necessary contract of insurance to further the intent of this subsection.

BRIM paid a substantial sum to defend and settle the lawsuit arising out of the D & J apartment complex. Then, BRIM informed HRDE that BRIM would not renew HRDE's insurance policy—because D & J was a for-profit entity. BRIM, by the foregoing statute (and policy as expressed at C.S.R. 115–2–6.1A(9)), does not insure for-profit entities.

HRDE brought a writ of mandamus in the Circuit Court of Kanawha County, seeking to compel BRIM to reinstate HRDE's insurance. HRDE stated that D & J will not be a named insured on its new policy application. BRIM defended by pointing out that BRIM's provision of insurance to non-public entities is discretionary, not mandatory; and that HRDE may still be liable for D & J's conduct because of the possibility of "piercing the corporate veil." HRDE replied by pointing out that it is undisputed in the record that BRIM has never denied a policy to a non-profit entity; and suggests that HRDE is being discriminated against for no reason. The circuit court refused to grant the writ of mandamus, on the grounds that the decision was within BRIM's discretion.

## II.

■ "A writ of mandamus will not issue unless three elements co-exist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syllabus Point 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

Although the record in this case is skimpy, from the representations made in the briefs it appears that BRIM can write a policy for HRDE that categorically excludes BRIM from having any duty to defend or indemnify HRDE and its officers and related entities for any matters or conduct associated with or arising out of the conduct of D & J, or any other for-profit entity or activity. This would prevent any possible liability to BRIM through "piercing the corporate veil."

■ It would appear, therefore, that BRIM has no factual or legal grounds upon which to arbitrarily base the exercise of its statutory discretion so as to refuse to afford to HRDE (and only those non-profit entities or activities associated with HRDE)—the same offer of insurance coverage that (according to the record in this case) BRIM provides to all other such charitable entities.

■ It is true that mandamus will not ordinarily lie to control the performance of a discretion on the part of an administrative or executive office, but it has been repeatedly held that when the act of such officer is capricious or arbitrary or under the misapprehension of law on the part of such officer the exercise of discretion may be controlled by mandamus. *State ex rel. West Virginia*

*Bd. of Ed. v. Miller,* 153 W.Va. 414, 421, 168 S.E.2d 820, 825 (1969) (cases omitted.) "We will presume [that] an agency's actions are valid [but only] as long as the decision is supported by substantial evidence or by a rational basis." Syllabus Point 3, in part, *In re Queen,* 196 W.Va. 442, 473 S.E.2d 483 (1996).

### III.

For the foregoing reasons, the judgment of the Circuit Court of Kanawha County is reversed, and this case is returned to that court with instructions to issue a writ requiring BRIM to extend an offer of insurance to HRDE consistent with the foregoing discussion.

Reversed.

Justice McGRAW concurs and reserves the right to file a concurring opinion.

McGRAW, J., concurring.

(Filed Dec. 10, 2003)

I concur with the majority's decision in this case, which requires the Board of Risk and Insurance Management of the State of West Virginia ("Board") to once again insure Human Resource Development and Employment, Inc., a non-profit corporation. However, because the Board wrongfully refused to renew its insured's property and liability insurance coverage, in my view, the Board should be further required either to reimburse the corporation for funds it expended to secure other coverage or to apply a credit for those insurance costs against premiums the corporation will be required to pay to the Board for future coverage.

Based upon the foregoing, I respectfully concur.