# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Frank L. Ferguson,**
**Petitioner Below, Petitioner**

**FILED**

October 4, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 12-1195** (Marshall County 12-C-171)

**Evelyn Seifert, Warden, Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank L. Ferguson, appearing *pro se*, appeals the order of the Circuit Court of Marshall County, entered September 25, 2012, that dismissed his petition for a writ of mandamus to compel medical treatment. The respondent warden, by counsel Cynthia R.M. Gardner, filed a response and motion to dismiss.[1] Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is an inmate at Northern Correctional Facility. On August 10, 2012, petitioner filed a petition for a writ of mandamus to compel medical treatment. Petitioner alleged that the respondent warden was not providing the medical attention he needed. Petitioner attached to the petition a grievance form that indicates the respondent warden upheld the denial of the grievance on July 28, 2012, and that petitioner had been seen by medical staff and was "receiving medication."

On September 25, 2012, the circuit court dismissed the petition ruling as follows:

---

[1] In the motion to dismiss, the respondent warden argues that the petition should be dismissed pursuant to West Virginia Code § 55-17-3 because of petitioner's failure to provide pre-suit notice to state officials. However, because this Court finds that the circuit court properly dismissed the petition due to a lack of a prima facie case, *see infra*, the Court declines to address petitioner's alleged noncompliance with West Virginia Code § 55-17-3.

1

> Having had an opportunity to review and maturely considered Petitioner's **"Writ of Mandamus,"** as well as W.Va. Code § 53-1-1, et seq., the Court is of the opinion that [the] same fails to make a prima facie case. Accordingly, this Court will <u>not</u> issue a rule against respondent to show cause why the writ prayed for should not be awarded.

(Emphasis in original.).[2]

We review the circuit court's dismissal of the petition for a writ of mandamus de novo. *See Nobles v. Duncil*, 202 W.Va. 523, 528, 505 S.E.2d 442, 447 (1998). This standard is applicable to cases where the circuit court's decision was based on the following analysis:

> A writ of mandamus will not issue unless three elements coexist-(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling,* 153 W.Va. 538, 170 S.E.2d 367 (1969).

On appeal, petitioner asserts that the circuit court should have appointed counsel and held a hearing before ruling on the petition. Petitioner asserts that his blackened toe and the numbness in his hands require immediate attention, but that the medical staff merely places him on a waiting list to see a doctor and gives him medication that does not relieve his pain. The respondent warden argues that while petitioner may disagree with the course of treatment, his difference of opinion does not establish a violation of the Eighth Amendment to the United States Constitution.[3]

In Syllabus Point 5 of *Nobles*, this Court held that "[t]o establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." Based on the respondent warden's comments in denying petitioner's grievance and petitioner's own statements contained in his appellate brief, the respondent warden is correct that petitioner merely disagrees with the course of treatment he has been receiving. Therefore, this Court concludes that the circuit court did not err in dismissing the petition. *See United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987)

---

[2] In its order, the circuit court noted that the respondent warden previously filed a response and motion to dismiss, and that petitioner filed a reply. The circuit court declined to consider these pleadings because they were filed before the court had an opportunity to determine whether the petition warranted the issuance of a rule to show cause.

[3] *See* U.S. Const., amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted*.) (Emphasis added.).

("[T]hough it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (Emphasis in original.).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   October 4, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II