# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

T.G.,
**Petitioner Below, Petitioner**

vs) **No. 16-0203** (Fayette County 15-C-264)

**David Ballard, Warden,**
**Mt. Olive Correctional Complex;**
**Jim Rubenstein, Commissioner;**
**Sandra May, Physician's Assistant;**
**Wexford Health Source, Inc.;**
**Respondents Below, Respondents**

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner T.G.,[1] pro se, appeals the January 21, 2016, order of the Circuit Court of Fayette County denying his petition for a writ of mandamus that sought to compel a specific medical treatment for his Hepatitis C. Respondents David Ballard, Warden, Mt. Olive Correctional Complex, and Jim Rubenstein, Commissioner (collectively "the State"), by counsel Cynthia R. Gardner, filed a summary response. Respondents Sandra May, Physician's Assistant, and Wexford Health Source, Inc. (collectively "Wexford"), by counsel Charles R. Bailey and Andrew R. Herrick, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is in the State's custody as a result of multiple convictions for sexual offenses. Wexford is the contract provider of medical services at Mt. Olive Correctional Complex where

---

[1]Given that petitioner's medical condition is at issue, this case is confidential pursuant to Rule 40(e)(4) of the West Virginia Rules of Appellate Procedure.

1

petitioner is incarcerated in Fayette County, West Virginia.

On August 25, 2015, petitioner filed a petition for a writ of mandamus requesting a specific medication to treat his Hepatitis C.[2] The petition also included a request for appointment of counsel.[3] The circuit denied petitioner's petition and request for appointment of counsel by order entered January 21, 2016. The circuit court first noted that, pursuant to an earlier order, the State and Wexford filed responses to the petition. The responses included exhibits. Accordingly, the circuit court found that "the record is sufficient" for the court to make a decision and that the decisional process would not be aided by "appointment of counsel, further briefing, or . . . hearings[.]"

With regard to the request that petitioner be prescribed a specific medication to treat his Hepatitis C, the circuit court ruled that petitioner had no clear right to a specific medication and, accordingly, the State and Wexford had no duty to provide petitioner with the requested medication. The circuit court supported its ruling with the following findings: (1) petitioner is seen at Mt. Olive's chronic care clinic for his condition; (2) petitioner undergoes regularly diagnostic testing to check his liver function; (3) the diagnostic testing reveals that petitioner's Hepatitis C is currently stable; and (4) given that petitioner's condition is currently stable, the requested medication "is not medically necessary at this time."[4]

Petitioner appeals the circuit court's January 21, 2016, order denying his petition for a writ of mandamus. On March 25, 2016, petitioner filed a motion for appointment of counsel. By order entered April 18, 2016, this Court deferred ruling on that motion. We will address petitioner's motion for appointment together with the merits and the circuit court's denial of the earlier request for appointment of counsel.

We review the circuit court's denial of the petition for a writ of mandamus de novo. *See Painter v. Ballard*, __ W.Va. __, __, 788 S.E.2d 30, 34 (2016); *Nobles v. Duncil*, 202 W.Va. 523, 528, 505 S.E.2d 442, 447 (1998). This standard applies to cases where the circuit court's decision was based on the following analysis:

---

[2]Petitioner filed the petition in the Circuit Court of Logan County, where he was convicted. By order entered October 1, 2015, that court transferred petitioner's case to the Circuit Court of Fayette County.

[3]To the extent that petitioner attempts on appeal to raise other issues in addition to the two requests included in his petition for a writ of mandamus, we decline to address issues not ruled upon by the circuit court. *See* Syl. Pt. 2, *Sands v. Security Trust Co.*, 143 W.Va. 522, 102 S.E.2d 733 (1958) (holding that "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance").

[4]The name of the medication requested by petitioner is not in the record. Petitioner learned about the medication from a television advertisement which described it as potentially offering a cure for Hepatitis C.

A writ of mandamus will not issue unless three elements coexist—(l) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969).

On appeal, petitioner contends that the denial of the medication he requested is tantamount to a complete lack of medical treatment for his Hepatitis C. The State and Wexford counter that the requested medication is not medically necessary. We agree with respondents and find that they have not been deliberately indifferent to petitioner's medical need. *See* Syl. Pt. 5, *Nobles*, 202 W.Va. at 526, 505 S.E.2d at 445 (holding that, to establish deliberate indifference to a serious medical need, an inmate must show that "the treatment, or lack thereof, [is] so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness").

Based on our own independent review of the record, we concur in the circuit court's findings that (1) petitioner is seen at Mt. Olive's chronic care clinic for his condition; (2) he undergoes regular diagnostic testing to check his liver function; (3) the diagnostic testing reveals that his Hepatitis C is currently stable; and (4) given that petitioner's condition is currently stable, the requested medication is not medically necessary at this time. Accordingly, we find that the circuit court correctly determined that petitioner had no clear right to the requested medication and that respondents had no duty to provide petitioner with the medication. *See United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) (stating that, "though it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (emphasis in original). We conclude that the circuit court did not err in denying petitioner's mandamus petition and request for appointment of counsel. Given that the mandamus petition lacks merit, we further deny the motion for appointment of counsel filed by petitioner with this Court.

For the foregoing reasons, we affirm the circuit court's January 21, 2016, order denying petitioner's petition for a writ of mandamus and request for appointment of counsel.

Affirmed.

**ISSUED:** November 10, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

3