# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Willard E. Bays,**
**Petitioner Below, Petitioner**

**FILED**

**April 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0719** (Putnam County 16-C-60 and 16-C-155)

**Darry Casto, Clerk,**
**Putnam County Magistrate Court,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Willard E. Bays, pro se, appeals two orders of the Circuit Court of Putnam County. In the first order, entered on May 13, 2016, (in Civil Action 16-C-60) the circuit court denied petitioner's petition for a writ of mandamus, that sought to compel Respondent Darry Casto, Clerk, Putnam County Magistrate Court, to destroy the records of petitioner's misdemeanor convictions for writing worthless checks in Case Nos. 03M1159, 03M1560, 03M1561, 03M1562, and 03M1563 (collectively, "misdemeanor cases"). In the second order, entered on July 7, 2016, (in Civil Action 16-C-155) the circuit court dismissed the mandamus petition on the ground that it previously addressed petitioner's request in No. 16-C-60. Respondent, by counsel Gordon L. Mowen, II, and Zachary A. Viglianco, filed a summary response in support of the circuit court's orders.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner entered guilty pleas and was convicted in his misdemeanor cases in 2003. As a result, petitioner was ordered to pay certain fines, costs, restitution, and fees. Petitioner admits that he has never paid those court-ordered fines, costs, restitution, and fees. According to petitioner, the last collection effort occurred on May 4, 2004. However, petitioner admits that respondent also requested that the West Virginia Division of Motor Vehicles ("DMV") suspend his driver's license in an effort to persuade him to pay the fines, costs, and restitution assessed in his misdemeanor

1

cases "subsequent[ ]" to May 4, 2004. Petitioner does not give a date for respondent's request to the DMV.

Upset with his driver's license being "currently suspended," petitioner filed two petitions for a writ of mandamus in the Circuit Court of Putnam County, in Civil Action Nos. 16-C-60 and 16-C-155, to compel respondent to destroy the records in his misdemeanor cases pursuant to Rule 12 of the West Virginia Administrative Rules for the Magistrate Courts, which sets forth a schedule pursuant to which all magistrate court records shall be retained. Petitioner argued that the circuit court should apply the 1988 version of Rule 12 because it was in effect at the time of his convictions. In 2003, misdemeanor convictions for writing worthless checks were included under "[a]ll other misdemeanors." *See* Rule 12(c), W.Va.Admin.Rul.Magis.Cts. (1988). Rule 12(c)(3) provided, as follows: "After one year from last collection effort, transfer case to inactive status; after 10 years from last collection effort, destroy all records except case history sheet."

Notwithstanding petitioner's argument, in Civil Action No. 16-C-60, the circuit court denied petitioner's petition based on the current version of Rule 12.[1] The relevant provision has been moved to Rule 12(d)(3), which provides, that, in cases in which fines were assessed but remain unpaid, respondent is required to "[r]etain all records for 75 years after conviction date[.]" In Civil Action No. 16-C-155, the circuit court dismissed that petition on the ground that it previously addressed petitioner's request in Civil Action No. 16-C-60.

Petitioner now appeals the circuit court's orders in Civil Action Nos. 16-C-60 and 16-C-155. We review the circuit court's orders refusing petitioner's petitions for a writ of mandamus de novo. *See Painter v. Ballard*, 237 W.Va. 502, __, 788 S.E.2d 30, 34-35 (2016); *Nobles v. Duncil*, 202 W.Va. 523, 528, 505 S.E.2d 442, 447 (1998). This standard applies to cases where the circuit court's decision was based on the following analysis:

> A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). The party seeking the writ has the burden of "show[ing the] clear legal right . . . and [the] corresponding duty[.]" Syl. Pt. 1, *Dadisman v. Moore*, 181 W.Va. 779, 384 S.E.2d 816 (1988) (internal quotations and citations omitted); *see also* Syl. Pt. 3, *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644, 177 S.E.2d 791 (1970) (holding that "[h]e who seeks relief by mandamus must show a clear legal right to the remedy").

On appeal, petitioner reiterates the argument he made in the circuit court: that the version of Rule 12 in effect in 2003 applies and that, pursuant to that version of the rule, he had a clear legal right to have respondent destroy the records of his misdemeanor cases. Respondent counters

---

[1]Rule 12 was most recently amended in 2015.

that the circuit court properly found that the current version of Rule 12 requires him to retain the records in petitioner's misdemeanor cases for seventy-five years following the date of his convictions. However, respondent states that we have no need to conduct an analysis of whether the 2015 version of the rule may be retroactively applied to cases in which convictions occurred prior to its effective date. Rather, respondent argues, assuming *arguendo*, that the version of Rule 12 in effect in 2003 applies, petitioner's allegations are insufficient to show his entitlement to a writ of mandamus.

Based on our review of the record, we find that, assuming *arguendo*, the version of Rule 12 in effect in 2003 applies, petitioner's allegations reveal no duty on respondent's part to destroy the records in petitioner's misdemeanor cases. The applicable provision of the prior rule provided as follows: "*After one year from last collection effort, transfer case to inactive status*; after 10 years from last collection effort, destroy all records except case history sheet." Rule 12(c)(3), W.Va.Admin.Rul.Magis.Cts. (1988) (emphasis added). Petitioner contends the last effort to collect the fines, costs, and restitution owed by him occurred on May 4, 2004. However, petitioner admits that respondent requested that the DMV suspend his driver's license in an effort to persuade him to pay the court-ordered fines, costs, and restitution "subsequent[ ]" to May of 2004. Petitioner does not give a date for respondent's request, but his statement that his driver's license is "currently suspended" indicates ongoing collection efforts in *active* cases. Given that petitioner's allegations suggest that the time periods specified in Rule 12(c)(3) have been periodically renewed—such that respondent has additional time to continue trying to collect the fines, costs, and restitution owed by petitioner—we find that petitioner fails to satisfy his burden of showing a clear legal right to the destruction of the records in his misdemeanor cases. Therefore, we conclude that the circuit court did not err in refusing petitioner's mandamus petitions in Civil Action Nos. 16-C-60 and 16-C-155.

For the foregoing reasons, we affirm the circuit court's May 13, 2016, order denying petitioner's petition for a writ of a mandamus in Civil Action No. 16-C-60 and affirm the circuit court's July 7, 2016, order dismissing his petition for a writ of a mandamus in Civil Action No. 16-C-155.

Affirmed.

**ISSUED:** April 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3