# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Ricky Vincent Pendleton,**
**Petitioner Below, Petitioner**

**FILED**
**June 3, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 19-0116** (Berkeley County 18-C-281)

**Terry C. Hamrick and Tracy P. Rice,**
**Respondents Below, Respondents.**

## MEMORANDUM DECISION

Petitioner Ricky Vincent Pendleton, self-represented, appeals the January 22, 2019, order of the Circuit Court of Berkeley County denying his petition for a writ of mandamus. Respondents Terry C. Hamrick and Tracy P. Rice, by counsel Teresa J. Lyons, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 22, 1996, petitioner was indicted in the Circuit Court of Berkeley County on felony charges of kidnapping, malicious wounding, grand larceny, and aggravated robbery. These charges stemmed from an incident in which petitioner and an accomplice beat Ryan Frankenberry and robbed him of his wallet and vehicle. The beating was so severe that the victim required multiple surgeries, including the insertion of titanium plates and screws in his facial bones. Following a jury trial, petitioner was found guilty on all counts, and the jury recommended mercy in regard to his conviction for kidnapping. Petitioner was thereafter sentenced to a life term of incarceration with the possibility of parole for his kidnapping conviction, two to ten years of incarceration for his conviction of malicious wounding, one to ten years of incarceration for his conviction of grand larceny, and sixty years of incarceration for his conviction of aggravated robbery. These sentences

1

were ordered to run consecutively to one another and consecutively to a prior federal sentence. Petitioner sought review of his convictions in this Court, which refused his appeal by order entered on June 16, 1999.

Petitioner subsequently had his omnibus habeas corpus proceeding, where petitioner was represented by counsel, and the circuit court specifically found that "there [was] no need for an evidentiary hearing." *Pendleton v. Ballard*, No. 12-0653 ("*Pendleton I*"), 2013 WL 2477245, at *7 (W. Va. May 23, 2013) (memorandum decision). Petitioner appealed the circuit court's denial of habeas relief, which this Court affirmed. *Id.* at *2. On September 15, 2014, petitioner filed a second habeas petition in the circuit court, alleging ineffective assistance of counsel in the first habeas proceeding. The circuit court summarily denied that petition by order entered on November 26, 2014.

Petitioner filed an appeal of the November 26, 2014, order on December 12, 2014. In conjunction with that appeal, petitioner filed a motion on January 30, 2015, seeking the production of the May 22, 1996, grand jury transcript. This Court addressed petitioner's motion when we affirmed the denial of the second habeas petition in *Pendleton v. Ballard*, No. 12-0653 ("*Pendleton II*"), 2015 WL 6955134 (W. Va. Nov. 6, 2015) (memorandum decision). We denied the motion, finding:

> [P]etitioner speculates that the [testifying] officer misled the grand jury into believing that the victim's statement supported probable cause that petitioner participated in the attack on the victim. Upon a careful reading of the victim's statement, we determine that the statement did support probable cause that petitioner took part in the beating because the victim indicates that petitioner "must have been" present given that the victim was "bombarded" during the attack.

*Id.* at *3. Our decision in *Pendleton II* notwithstanding, petitioner filed a petition for a writ of mandamus in the circuit court on August 21, 2018, to compel respondents, who are Berkeley County court reporters, to produce the May 22, 1996, grand jury transcript. The circuit court denied the mandamus petition by order entered on January 22, 2019. Petitioner now appeals the circuit court's January 22, 2019, order.

We review the circuit court's order denying petitioner's petition for a writ of mandamus de novo. *See Painter v. Ballard*, 237 W. Va. 502, 506-07, 788 S.E.2d 30, 34-35 (2016); *Nobles v. Duncil*, 202 W. Va. 523, 528, 505 S.E.2d 442, 447 (1998). This standard applies to cases where the circuit court's decision was based on the following analysis:

> A writ of mandamus will not issue unless three elements coexist—(l) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). The

party seeking the writ has the burden of "show[ing the] clear legal right . . . and [the] corresponding duty[.]" Syl. Pt. 1, *Dadisman v. Moore*, 181 W. Va. 779, 384 S.E.2d 816 (1988) (Internal quotations and citations omitted.); *see also* Syl. Pt. 3, *State ex rel. Nelson v. Ritchie*, 154 W. Va. 644, 177 S.E.2d 791 (1970) ("He who seeks relief by mandamus must show a clear legal right to the remedy.").

On appeal, petitioner presents the same argument we rejected in *Pendleton II* when we denied his motion for the production of the grand jury transcript. Respondents argue that the circuit court properly found that petitioner's request for the transcript was previously denied. We agree with respondents and find that petitioner cannot show his entitlement to the requested writ of mandamus. Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's petition.

For the foregoing reasons, we affirm the circuit court's January 22, 2019, order denying petitioner's petition for writ of mandamus.

Affirmed.

**ISSUED:** June 3, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison