**FILED**

**January 18, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Thaddeous Outley,**
**Petitioner Below, Petitioner**

**vs.) No. 20-0610** (Logan County CC-23-2020-P-71)

**State of West Virginia,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thaddeous Outley, by counsel Steven S. Wolfe, appeals the Circuit Court of Logan County's July 17, 2020, order denying his writ of mandamus. Respondent the State of West Virginia, by counsel Patrick Morrisey and Mary Beth Niday, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested and charged with several felony offenses including one count of felon in possession of a firearm in violation of West Virginia Code § 61-7-7; one count of abduction of person, kidnapping, or concealing child in violation of West Virginia Code § 61-2-14(a); three counts of manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance in violation of West Virginia Code § 60A-4-401(a)(ii); and one count of conspiracy to violate West Virginia Code § 60A-4-401(a)(ii) consistent with West Virginia Code § 60A-4-414(a). As a result of the investigation, the West Virginia State Police seized $3,517.00 in cash, a pistol with a bullet in the chamber, a magazine clip containing eleven bullets, a set of digital scales, and twenty individually wrapped bags containing fentanyl.

Petitioner was detained at the Southwestern Regional Jail. At his preliminary hearing on October 28, 2019, petitioner was served with a notice of administrative forfeiture pursuant to the West Virginia Contraband Forfeiture Act (hereinafter "the Forfeiture Act"). This notice provided:

1

[t]he confiscated money is subject to administrative forfeiture unless you provide a written notice, within thirty day of receipt of this notice that you wish to contest this forfeiture. If you fail to provide notice to the prosecuting attorney, you will immediately and forever lose all right, claim, title and interest to the confiscated money, and it will be disposed of according to law.

Petitioner did not contest the administrative forfeiture within the prescribed period. Thereafter, on January 9, 2020, the Logan County Prosecutor's Office notified the investigating officer and the Logan County Sheriff's Tax Office that the monies seized from petitioner could be distributed pursuant to West Virginia Code § 60A-7-705.

On January 23, 2020, petitioner appeared in court for a bond hearing. At that time, the Court expanded the scope of petitioner's counsel's representation to include ancillary forfeiture proceedings to the extent that any proceedings existed. On February 11, 2020, petitioner's counsel inquired about the status of any forfeiture proceedings against petitioner. The prosecutor's office responded that it had previously advised that the monies could be distributed since petitioner had failed to timely respond to the notice of administrative forfeiture.

On March 5, 2020, petitioner, through counsel, filed a petition for a writ of mandamus seeking the return of the forfeited money. Petitioner maintained that the State did not comply with West Virginia Code § 60A-7-705a(c), which requires that "service shall be made pursuant to the provisions of the West Virginia Rules of Civil Procedure." According to petitioner, the State did not effectuate proper service per the West Virginia Rules of Civil Procedure, because he was an incarcerated person and in the custody of the State at the time of the purported service. Since he was confined to the regional jail he argued that he was a "convict," and was thus unable to accept service of process.

The circuit court denied petitioner's petition, declining to find that petitioner was a "convict" as described in West Virginia Rule of Civil Procedure 4(d)(4), because he was not confined to the penitentiary. The circuit court further found that he was properly served as an "individual" as set forth in the West Virginia Rules of Civil Procedure. Finally, the circuit court found that the Forfeiture Act was neither vague or ambiguous, and it clearly provides notice to individuals as to how to request a hearing and what happens if he or she fails to respond. Finally, the circuit court found that the money was properly confiscated and thereafter administratively forfeited by petitioner.

Petitioner appeals from the circuit court's denial of his petition. On appeal, he again argues that the forfeiture notice was not properly served on him.

We review the circuit court's order denying petitioner's petition for a writ of mandamus de novo. *See* Syl. Pt. 1, *Harrison Cty. Comm'n v. Harrison Cty. Assessor*, 222 W. Va. 25, 658 S.E.2d 555 (2008) This standard applies to cases where the circuit court's decision was based on the following analysis:

A writ of mandamus will not issue unless three elements coexist—(l) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of

respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W. Va. 538, 170 S.E.2d 367 (1969). Further, [p]etitioners in mandamus must have a clear legal right to the relief sought therein and such right cannot be established in the proceeding itself." *Id.*, Syl. Pt. 1. The party seeking the writ has the burden of "show[ing the] clear legal right . . . and [the] corresponding duty[.]" Syl. Pt. 1, in part, *Dadisman v. Moore*, 181 W. Va. 779, 384 S.E.2d 816 (1988) (Internal quotations and citations omitted.); *see also* Syl. Pt. 3, *State ex rel. Nelson v. Ritchie*, 154 W. Va. 644, 177 S.E.2d 791 (1970) ("He who seeks relief by mandamus must show a clear legal right to the remedy."). The absence of any one of these elements is fatal to the petition.

Petitioner maintains that because he was an incarcerated person, he could not accept service of process and should have been served in accordance with Rule 4(d)(4) of the West Virginia Rules of Civil Procedure governing service on "convicts," instead of Rule 4(d)(1), which deals with service on an "individual." Respondent argues that petitioner was properly served with the notice of administrative forfeiture pursuant to the Forfeiture Act and the West Virginia Rules of Civil Procedure. We agree with respondent.

The Forfeiture Act allows the State to forego the filing of a forfeiture petition and promotes judicial economy. *See* West Virginia Code § 60A-7-705a(b).[1] Per the Forfeiture Act, "service shall

---

[1] West Virginia Code § 60A-7-705a provides for the following additional procedures for forfeiture:

(a) Notwithstanding the provisions of section seven hundred five of this article, forfeitable moneys are subject to administrative forfeiture by the prosecuting attorney of a county or duly appointed special prosecutor.
(b) An administrative forfeiture notice shall be provided by the prosecuting attorney after the seizure of the money in question. The notice shall contain the following:
(1) A description of the money seized;
(2) A statement as to who is responsible for the seizure;
(3) A statement of the time and place of seizure;
(4) The identity of the owner or owners of the money, if known; and
(5) The identity of the person or persons in possession of the money at the time seized.
(c) At the time of filing or as soon as practicable thereafter, a copy of the petition for forfeiture shall be served upon the owner or owners of the seized money. Should diligent efforts fail to disclose the lawful owner or owners of the seized money, a copy of the petition for forfeiture shall be served upon any person who was in possession or alleged to be in possession of the money at the time of seizure, where such person's identity is known. The above service shall be made pursuant to the provisions of the West Virginia Rules of Civil Procedure.

(continued. . . )

3

be made pursuant to the provisions of the West Virginia Rules of Civil Procedure. W. Va. Code § 60A-7-705a(c).

Here, petitioner was detained at Southwestern Regional Jail on criminal charges until he appeared for his preliminary hearing. While awaiting his preliminary hearing he was personally served with the forfeiture notice pursuant to Rule 4(d)(1)(A) of the West Virginia Rules of Civil Procedure.[2] Petitioner does not dispute that he received the notice. Further, he does not argue that the notice was defective. He claims, however, that since he was in the custody of the State, service upon him was defective and he should have been served pursuant to Rule 4(d)(4) of the West Virginia Rules of Civil Procedure. At the time that the notice was served upon petitioner, however, he had not been convicted of any charges and he was not confined to the penitentiary. Therefore,

---

(d) The administrative forfeiture notice shall include a statement substantially as follows: "To any claimant: "The confiscated money is subject to administrative forfeiture unless you provide a written notice, within thirty days of receipt of this notice, that you wish to contest this forfeiture. If you fail to provide a notice to the prosecuting attorney, you will immediately and forever lose all right, claim, title and interest to the confiscated money, and it will be disposed of according to law."
(e) If, after thirty days of the delivery of notice from the prosecuting attorney as provided in subsections (c) and (d) of this section, no notice is received from any person indicating a desire to contest the administrative forfeiture, all right, title and interest to the confiscated money shall immediately vest in the state, and shall be disposed of in the same manner as in a civil forfeiture.
(f) If notice is received from any person, within the required period of time, indicating a desire to contest the administrative forfeiture, then no forfeiture may be obtained except through a civil forfeiture proceeding under section seven hundred five of this article.

[2] Rule 4(d) of the West Virginia Rules of Civil Procedure provides, in pertinent part:

(d) Manner of Service. Personal or substitute service shall be made in the following manner:
(1) *Individuals.* Service upon an individual other than an infant, incompetent person, or convict may be made by:
**(A) Delivering a copy of the summons and complaint to the individual personally;** or
. . .
**(4) *Convicts.* Upon a person confined in the penitentiary of this or any other state, or of the United States, by delivering a copy of the summons and complaint to that person's committee, guardian, or like fiduciary resident in the State; or, if there be no such committee, guardian, or like fiduciary, or if the committee, guardian, or like fiduciary is a plaintiff, service of process shall be made upon a guardian ad litem appointed under Rule 17(c).**

(Emphasis added).

4

he was not a "convict" within the meaning of Rule 4(d)(4) of the West Virginia Rules of Civil Procedure. Accordingly, the State effectively served him with the notice as an "individual" pursuant to Rule 4(d)(1), by personally serving him with the notice.

Although petitioner relies on this Court's ruling in *Black's Auto Repair & Towing v. Monongalia County*, 211 W. Va. 661, 567 S.E.2d 671 (2002), that case fails to demonstrate that petitioner had a clear legal right to the relief sought. In *Black's Auto Repair*, the owner was incarcerated for failing to meet his child support obligation. While he was incarcerated, he was served with a suit which named him and Black's Auto Repair as defendants. Neither defendant filed an answer and the court entered default judgment against both defendants. On appeal, this Court reversed the entry of default judgment noting that the

> term "convict" in Rule 55(b)(2) [1998] of the *West Virginia Rules of Civil Procedure* ("default"), and the term "incarcerated convict" in Rule 10(d) [1991] of the *West Virginia Rules of Civil Procedure for the Magistrate Courts* ("Default Judgment") and in *W.Va.Code,* 50–4–10(a)(2)(A) [1997] (magistrate court— "Default judgment; confession of judgment") must be read as meaning "incarcerated person.

*Black's Auto Repair*, 211 W. Va. at 666, 567 S.E.2d at 676. However, the *Black's Auto Repair* Court could not have intended for its analysis in that case to extend to the administrative Forfeiture Act, which was not enacted until after the *Black's Auto Repair* decision, and our holding was expressly "limited to the issue of default judgments." *Id.* at 665 n.7, 567 S.E.2d at 675 n.7.

We are reminded that petitioner seeks the issuance of a writ of mandamus, an extraordinary remedy. Petitioner asks this Court to find that the term "convict" extends to those who are held in jail pre-conviction. In effect, that petitioner is asking this Court to make such a determination that implicitly acknowledges that the right to service as a "convict" is not clearly established for individuals like him who have not yet been convicted. That is not the case. Accordingly, petitioner has failed to demonstrate that he had a clear legal right to have service of process effected as if he were a convict. Inasmuch as petitioner has failed to meet the initial element necessary for the issuance of a writ of mandamus, we decline to address the other two elements and find that the circuit court did not abuse its discretion in denying his petition.

For the foregoing reasons, we affirm the circuit court's July 17, 2020, order denying petitioner's petition for writ of mandamus.

Affirmed.

**ISSUED:** January 18, 2022

5

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

**DISSENTING:**

Chief Justice John A. Hutchison

Hutchison, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.