# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**James W. McNeely,**
**Defendant Below, Petitioner**

**vs)   No. 18-0419** (Summers County 17-C-6)

**Kristin R. Cook, as Prosecuting Attorney**
**of Summers County, West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**June 17, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner James W. McNeely, pro se, appeals the April 13, 2018, order of the Circuit Court of Summers County awarding Respondent Kristin R. Cook, Prosecuting Attorney of Summers County, summary judgment on petitioner's claim that there should be a renewed investigation by a special prosecutor into whether respondent committed election law violations during the 2016 primary election. Respondent, by counsel David S. Russo and Mark J. Grigoraci, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent are attorneys, and each ran for election to the Office of Prosecuting Attorney of Summers County ("Summers County Prosecutor") in 2016. They each sought their respective party's nomination for the position. On May 9, 2016, during the primary election, petitioner filed an action in the Circuit Court of Summers County, Case No.16-P-6, seeking an appointment of a special prosecutor to investigate alleged election law violations by respondent.[1] The circuit court appointed the Prosecuting Attorney of Mercer County ("Mercer County Prosecutor") as special prosecutor to investigate the allegations by order entered June 10, 2016. The Mercer County Prosecutor did not complete his investigation prior to the November 8,

---

[1]Various documents from Case No. 16-P-6 are in the appellate record.

1

2016, general election. In the general election, respondent defeated petitioner to become the Summers County Prosecutor.

Subsequently, after an inquiry by petitioner, the Mercer County Prosecutor reported by letter dated January 6, 2017, that, following an assignment of a law enforcement officer (Sgt. Aaron Maddy with the West Virginia State Police) and an investigation, he found that "[the] matter [did] not appear to merit further action[.]" The Mercer County Prosecutor noted that, as part of the investigation, "the materials [petitioner] submitted" were reviewed. Petitioner filed an objection to the Mercer County Prosecutor's determination of no further action on January 13, 2017. By order entered February 7, 2017, the circuit court dismissed Case No. 16-P-6, finding that the Mercer County Prosecutor "investigated the matter, and in the exercise of prosecutorial discretion, declined to act." Petitioner did not appeal the circuit court's February 7, 2017, order dismissing Case No. 16-P-6.

On February 14, 2017, petitioner filed a mandamus action in the instant case, Case No. 17-C-6, seeking to compel the appointment of another special prosecutor and a renewed investigation into the alleged election law violations by respondent. The parties subsequently filed competing motions for summary judgment. To her summary judgment motion, respondent attached an affidavit sworn by the Mercer County Prosecutor on August 17, 2017. In the affidavit, the Mercer County Prosecutor stated that Sgt. Maddy was assigned to Case No. 16-P-6 and that, during the investigation in that case, the Mercer County Prosecutor had discussions with Sgt. Maddy and "also reviewed the materials in the case file." The Mercer County Prosecutor further stated that he determined "the investigation of the allegations in [Case] No. 16-P-6 required no further action" and closed that investigation because "there was no probable cause of any violations of election laws by [respondent]." By order entered April 13, 2018, the circuit court denied petitioner's motion for summary judgment and granted respondent's motion for summary judgment, finding that respondent was entitled to judgment as a matter of law based on the undisputed facts of the case. Petitioner now appeals the circuit court's April 13, 2018, order awarding respondent summary judgment.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted where "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

On appeal, petitioner makes several assignments of error. We address only those issues that are both arguably meritorious and relevant to our consideration of the circuit court's award of summary judgment. Preliminarily, we note that the circuit court limited its consideration of the Mercer County Prosecutor's January 6, 2017, letter and his sworn affidavit dated August 17, 2017, given petitioner's objections that the letter and the affidavit contained inadmissible hearsay and that certain other documents mentioned in the affidavit were not submitted to the court as required by Rule 56(e) of the Rules of Civil Procedure. Petitioner argues that even the circuit court's limited consideration of the January 6, 2017, letter and the August 17, 2017, affidavit was erroneous. We disagree. "The West Virginia Rules of Evidence and the . . . Rules of Civil Procedure allocate significant discretion to the trial court in making evidentiary and procedural rulings. . . . Absent a

2

few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt.1, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995). Here, we find no abuse of discretion and concur with the circuit court's finding. Even excluding the statements challenged by petitioner, the following facts can be gleaned from the Mercer County Prosecutor's letter and his affidavit: (1) that he performed an investigation in Case No. 16-P-6; (2) that he consulted with the law enforcement officer who was assigned to the investigation; and (3) that he closed the investigation because "there was no probable cause of any violations of election laws by [respondent]."

Petitioner further argues that a genuine issue of material fact exists because the record does not corroborate the Mercer County Prosecutor's statement that he actually investigated the alleged election law violations in Case No. 16-P-6. We note that, like all attorneys, the Mercer County Prosecutor has a duty of candor toward the circuit court pursuant to Rule 3.3(a)(1) of the West Virginia Rules of Professional Conduct and a duty not to knowingly disobey a court-imposed obligation pursuant to Rule 3.4(c).[2] In Case No. 16-P-6, the circuit court appointed the Mercer County Prosecutor as special prosecutor to investigate the allegations that respondent committed election law violations by order entered June 10, 2016. In the Mercer County Prosecutor's January 6, 2017, letter, he stated that "[the] matter [did] not appear to merit further action" following an investigation involving Sgt. Maddy. We find that petitioner points to nothing in the record that suggests that the Mercer County Prosecutor disobeyed the June 10, 2016, order or made false statements in his January 6, 2017, letter. As found by the circuit court in its February 7, 2017, dismissing Case No. 16-P-6 (which petitioner did not appeal) the Mercer County Prosecutor "investigated the matter, and in the exercise of prosecutorial discretion, declined to act." Therefore, we find there to be no genuine issue of material fact. The record corroborates the Mercer County Prosecutor's statement that he conducted an investigation in Case No. 16-P-6.

With the state of the record established, we now address petitioner's argument that the circuit court erred in awarding respondent summary judgment on petitioner's claim that there should be a renewed investigation into the alleged election law violations. "Summary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 4, *Painter*, 192 W.Va. at 190, 451 S.E.2d at 756. In syllabus point two of *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969), we held:

> A writ of mandamus will not issue unless three elements coexist-(l) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy.

---

[2]Rule 3.3(a)(1) provides that "[a] lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Rule 3.4(c) provides that "[a] lawyer shall not: . . . (c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

*See* Syl. Pt. 1, *Dadisman v. Moore*, 181 W.Va. 779, 384 S.E.2d 816 (1988) (holding that the party seeking the writ has the burden of "show[ing the] clear legal right . . . and [the] corresponding duty") (Internal quotations and citations omitted.); Syl. Pt. 3, *State ex rel. Nelson v. Ritchie*, 154 W.Va. 644, 177 S.E.2d 791 (1970) (holding that "[h]e who seeks relief by mandamus must show a clear legal right to the remedy").

Petitioner argues that, under *State ex rel. Hamstead v. Dostert*, 173 W.Va. 133, 313 S.E.2d 409 (1984), a writ of mandamus may be obtained when a prosecuting attorney fails to perform her nondiscretionary duty to prosecute criminal offenses. Respondent counters that the circuit court properly granted her motion for summary judgment on petitioner's claim that there should be a renewed investigation by a special prosecutor into whether respondent committed election law violations during the 2016 primary election. We agree with respondent.

In *Hamstead*, we found:

> [I]f a citizen believes, has reason to believe, or knows that *probable cause* exists to charge an individual with the commission of a particular crime, and also believes, has reason to believe, or knows that the prosecutor is failing to perform his nondiscretionary duty to act upon this *probable cause*, such citizen may seek by writ of mandamus to compel the prosecutor to perform his nondiscretionary duties.

*Id.* at 139, 313 S.E.2d at 415-16 (Emphasis added.). Here, petitioner obtained the appointment of a special prosecutor in Case No. 16-P-6. A special prosecutor was appointed and completed an investigation, ultimately finding that "there was no probable cause of any violations of election laws by [respondent]." We find that petitioner's disagreement with the Mercer County Prosecutor's finding does not entitle petitioner to the appointment of another special prosecutor to investigate the allegations a second time. As we explained in *Hamstead*, "the probable cause standard represents the line of demarcation between prosecutorial discretion and prosecutorial duty." *Id.* at 139, 313 S.E.2d at 415; *see* Syl. Pt. 6, *State ex rel. Affiliated Const. Trades Found. v. Vieweg*, 205 W.Va. 687, 520 S.E.2d 854 (1999) (holding that "[m]andamus is a proper remedy to compel . . . officers exercising discretionary and judicial powers to act, when they refuse so to do, in violation of their duty, but it is never employed to prescribe in what manner they shall act, or to correct errors they have made") (Internal quotations and citations omitted.).

Finally, petitioner argues that he is entitled to know the Mercer County Prosecutor's reasons for not proceeding further with the allegations in Case No. 16-P-6. *See* Syl. Pt. 7, *State ex rel. Skinner v. Dostert*, 166 W.Va. 743, 278 S.E.2d 624 (1981) (holding that "[t]he prosecutor, like any other executive officer, must have sound reasons for his actions"). Here, the record establishes that the Mercer County Prosecutor (1) performed an investigation in Case No. 16-P-6; (2) consulted with the law enforcement officer who was assigned to the investigation; and (3) closed the investigation because "there was no probable cause of any violations of election laws by [respondent]." Given such facts, we concur with the circuit court's finding that respondent was entitled to judgment as a matter of law. Accordingly, we conclude that the circuit court properly awarded respondent summary judgment.

For the foregoing reasons, we affirm the circuit court's April 13, 2018, order granting respondent's motion for summary judgment.

Affirmed.

**ISSUED**:   June 17, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison